LASSER, P.J.T.C.
Plaintiff seeks a senior citizen’s deduction from taxes assessed on real property in Vernon Township. Vernon concedes that plaintiff is over 65, has duly filed an application seeking the deduction for 1983 and complies with the annual income limitation. The Vernon assessor denied the application on the ground that plaintiff has not complied with the requirements of N.J.S.A. 54:4-8.41 because he does not reside “in a dwelling house owned by him which is a constituent part of his real property.”
Plaintiff and his wife are the owners of a condominium campsite, approximately 32' by 70', located in Tall Timbers campground in Vernon Township. In 1983 this property, Block 171C, Lot 22, was assessed for $5,600 (including plaintiff’s interest in the condominium common elements). Plaintiff and his wife are also the owners of a 35-foot trailer located on the campsite, which was towed to the campsite by truck. It is on wheels and can be towed from the site by truck. It is unlicensed. Telephone, electric, water and sewer are connected to the trailer and can be disconnected in six to eight hours if the trailer is to be removed. Water and sewer service are not available from November 1 to April 1. During this period, plaintiff uses the community bathhouse nearby. The trailer was not assessed or taxed as real property for 1983 because it was regarded as non-taxable personal property.
There are 927 campsites in the Tall Timbers campground. Most owners have a permanent residence elsewhere and use their campsites to park recreational vehicles for seasonal use. The master deed requires the property to be operated as a campground in accordance with the provisions of N.J.A.C. 8:22-1.1 et seq. N.J.A.C. 8:22-1.4 defines a camping vehicle as “any camp trailer, travel trailer or other unit built or mounted on a vehicle or chassis, designed without permanent foundation, which is used for temporary dwelling or sleeping purposes and *490 which, under the provisions of N.J.S.A. 39 [1], may be legally driven, or towed by a passenger automobile, on a highway.” N.J.A.C. 8:22-1.15 provides that only a camping unit (tent, camping vehicle, cabin, lean-to or similar structure established or maintained and operated in a campground as temporary living quarters for children or adults for recreation, education or vacation purposes) shall be accommodated at a campground. The condominium master deed originally prohibited the use of a campsite from November 1 through March 31, and all camping vehicles had to be removed from the campsites during this period. An amendment to N.J.A.C. 8:22-1.15 resulted in the following amendment to the master deed and by-laws:
11. The Declarant, the Tall Timbers Property Owners Association, the Council and the Administrator shall comply with all provisions of N.J.A.C. 8-22-1.1 et seq. relating to campgrounds. Thus from November 1 to April 1, the occupancy of any one (1) campsite shall be restricted to a period not to exceed twenty-one (21) days during any thirty (30) day period. Recreational vehicles when not in use may remain on the campsite. As a further means of insuring seasonal use and minimizing Condominium costs, the Tall Timbers Property Owners Association shall discontinue all water service to the campsites in the Condominium during said period of November 1st to April 1st, inclusive, of each year. Declarant shall, however, allow use of individual campsites consistent with the above cited provisions of the New Jersey Administrative Code and shall furnish water and toilet facilities at bath houses owned by Declarant during this period. This provision is a restrictive covenant binding upon all campsite owners. Provided, however, that if the laws of the State of New Jersey which are applicable to this provision shall be altered, changed, modified, or amended or new laws or regulations are enacted then this provision shall be deemed to and shall be automatically amended to conform to such enactment(s).
Thé assessor indicated that as a member of the planning board during the time that the Tall Timbers project was seeking approval, it was his understanding that the campground would be operated on a seasonal, not a year round, basis.
Plaintiff testified that he resides in the trailer all year, except for the time he spends in a motel in Florida during the months of November through March to comply with the residency limitations of the amended master deed and by-laws. He has no permanent residence in Florida or any place other than the Vernon trailer. He is a registered voter in Vernon, and has a *491 New Jersey driver’s license which bears his Tall Timbers address. He owns no other real property. Plaintiff testified that the Vernon trailer is his permanent residence, and two of plaintiff’s campground neighbors testified that he is a permanent resident at Tall Timbers campground. At the 1983 tax rate of $4.81, the real property tax on his $5,600 assessment is $269.36. The maximum senior citizen’s deduction for 1983 is $250.
The sole issue is whether plaintiff is entitled to a senior citizen’s real property tax deduction if he lives in a trailer which is not taxed as real property.
Entitlement to a senior citizen’s deduction under N.J.S.A. 54:4-8.41 requires the senior citizen to reside:
[I]n a dwelling house owned by him which is a constituent part of his real property or residing in a dwelling house owned by him which is assessed as real property but which is situated on land owned by another or others, shall be entitled on proper claim being made therefor, to a deduction against the tax or taxes assessed against such real property____
The language of this statute follows the language of Art. VIII, § I, 114 of the New Jersey Constitution. This paragraph of the Constitution was adopted on November 8, 1960. An amendment in 1980 extended the deduction to a dwelling house owned by a senior citizen but located on leased land. This amendment resulted from the decision of the New Jersey Supreme Court in Koester v. Hunterdon County Bd. of Taxation, 79 N.J. 381, 399 A.2d 656 (1979), in which the Court held mobile homes to be assessable and taxable as real property. The amendment to the Constitution and the resulting amendment to N.J.S.A. 54:4-8.41 extended the deduction to dwelling houses on leased land but specifically required that the dwelling house be assessed as real property.
Although taxpayer’s trailer might come within the definition of a dwelling house, it is not regarded as real property for tax purposes and therefore cannot be a constituent part of taxpay *492 er’s real property.[2] Koester, supra, held that mobile homes, ranging in size up to 26' by 70', without wheels, placed on permanent foundations with the intention that they remain, were attached permanently to the real estate and were therefore taxable as real estate. The Court distinguished mobile homes from house trailers. The Supreme Court referred to the opinion of the Division of Tax Appeals, stating that the Division
[F]ound that the mobile homes were ‘... dwellings in every sense of the word’, that they were ‘not readily adaptable to be moved about’, that they 'were installed and completed in such a fashion that it was never intended, planned or expected that these dwellings would be moved’, and that they were ‘so integrated with the land as to be considered as real estate and taxable as such within the meaning of our real estate tax statutes.’ [79 N.J. at 387, 399 A.2d 656].
The decision of the Division was affirmed by the Appellate Division, substantially for the reasons set forth in the Division’s opinion, and the Supreme Court affirmed the Appellate Division. The trailer in the subject case is required by campground regulations to be a camping vehicle which, by definition in the regulations, constitutes temporary living quarters for recreation, education or vacation purposes and therefore is not real property under the Koester rule.[3]
Entitlement to a senior citizen’s deduction requires that the dwelling house be a constituent part of the real property. The word “constituent” is defined as “an essential part: component, element.” Webster’s New Collegiate Dictionary (1980). If the whole is required to be real property, all of its parts must be real property. A mobile trailer on wheels cannot be a constituent part of real property. Under the master deed, by-laws and *493 New Jersey Administrative Code regulations, plaintiff is only permitted a camping vehicle, without permanent foundation, which is used for temporary dwelling or sleeping purposes. Such a vehicle is not a constituent part of real property.
N.J.S.A. 54:4-8.41 contemplates a deduction for a dwelling house and land owned together as one unit, or a dwelling house “assessed as real property” but owned as a separate unit on land owned by another. The fact that the deduction is from the tax assessed against “such real property” indicates that the dwelling house, whether owned with or without the land, must be assessed as real property. In this case, the trailer is personal property, and therefore is not assessed as real property.
I conclude that the senior citizen’s deduction is not available where the senior citizen resides in a trailer which is not assessed as real property. I therefore find that plaintiff is not entitled to a senior citizen’s deduction, and the Clerk of the Tax Court is directed to enter a judgment dismissing plaintiff’s complaint.

Title 39.

It should be noted that the distinction between real property and personal property contained in Bayonne v. Port Jersey Corp., 79 N.J. 367, 399 A.2d 649 (1979), is applicable to business personal property. The subject case does not involve business personal property and therefore the Bayonne test is not applicable. Sta-Seal, Inc. v. Taxation Div. Director, 5 N.J.Tax 272, 283 (Tax Ct.1983).

Chapter 400 of the Laws of 1983 (Manufactured Home Taxation Act) provides that manufactured homes in a mobile home park shall not be subject to taxation as real property. This legislation has no bearing on the result in this case.